UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PETER KLIDERIS, *on behalf of himself
and all other persons similarly situated*,

        Plaintiff,

- against -

TRATTORIA EL GRECO and JOHN DOES 1-10,

        Defendants.
-----------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

10 CV 4288 (JBW)

On September 20, 2010, plaintiff Peter Klideris filed this collective action against Trattoria El Greco, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), seeking unpaid wages for overtime work and liquidated damages. Currently pending before this Court is plaintiff's motion for entry of a default judgment based on defendant's failure to comply with various Court Orders, including a failure to obtain counsel.

## FACTUAL BACKGROUND

Following the filing of the initial Complaint on September 20, 2010, defendant filed an answer on December 23, 2010, and subsequently engaged in discovery through counsel. On April 20, 2011, when it became clear that a settlement was not possible, plaintiff filed a Motion to Approve the Collection Action Notice which was consented to by the defendant.

Thereafter, defendant failed to comply with various court orders to produce a list on employees' names for distribution of the Notice and various other documents. On June 28, 2011, Basilios Vassos, Esq., filed a Motion to Withdraw as counsel for the defendant Trattoria El Greco, based on counsel's representation that he had made numerous unsuccessful attempts to contact his client.

A Hearing on the Motion to Withdraw was held on July 15, 2011 at 12:30 p.m., and

despite an Order from this Court, no representative from defendant Trattoria El Greco appeared for the hearing. Accordingly, by Order dated July 15, 2011, the Court granted counsel's Motion to Withdraw, and Ordered the defendant corporation to find new counsel within 30 days. Defendants were warned that because a corporation, such as Trattoria El Greco, may not appear in federal court without counsel, the Court would recommend that a default enter if new counsel failed to file a Notice of Appearance on or before August 15, 2011.

Prior counsel was Ordered to serve a copy of the Court's Order, via certified mail, return receipt requested, upon defendants,[1] and to provide the Court with proof of such service. On July 28, 2011, prior counsel filed Affidavits of Service indicating that the defendants had been served in accordance with this Court's Order.

Having heard nothing from any of the defendants by the August 15, 2011 deadline, the Court scheduled a conference to give the defendants yet another opportunity to appear and demonstrate their interest in pursuing this litigation. No one representing the defendants appeared for the September 9, 2011 conference.

By letter dated September 15, 2011, plaintiff seeks a default judgment against the defendants, noting that plaintiff had obtained information indicating that the corporate defendant is no longer doing business. For the foregoing reasons, this Court respectfully recommends that default be entered against defendant Trattoria El Greco pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(b).

---

[1] It should be noted that a separate copy of the Order was also mailed to the defendants by the Court.

## DISCUSSION

A. Standards for Default Judgment

In determining whether a default judgment should enter, courts have cautioned that a default judgment is an extreme remedy that should only be granted as a last resort. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance the interest in expediting cases with the court's responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). Thus, in light of the "oft-stated preference for resolving disputes on the merits," defaults are "generally disfavored," and doubts should be resolved in favor of the defaulting party. Id. Accordingly, the plaintiff is not entitled to a default judgment as a matter of right, simply because the defendants are in default. See Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (stating that courts are required to "supervise default judgments with extreme care to avoid miscarriages of justice," and ordering an inquest to determine damages).

The court possesses significant discretion and may consider a number of factors in deciding whether to grant a default judgment, including whether the grounds for default are clearly established and the amount of money potentially involved. See Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *1-2 (S.D.N.Y. Oct. 19, 1992). Additionally, a court may consider whether the facts alleged in the complaint state a valid cause of action, see Au Bon

Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981), whether material issues of fact remain, see United States v. Farese, No. 80 Cr. 63, 1987 WL 28830, at *1 n.2 (S.D.N.Y. Dec. 15, 1987), whether plaintiff has been substantially prejudiced by the delay involved, see Arthur F. Williams, Inc. v. Helbig, 208 F.R.D. 41, 48 (E.D.N.Y. 2002), and how harsh the effect of a default judgment might be on the defendant. Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 10A Federal Practice & Procedure, §§ 2685, 2688 (3d ed. 1998).

B. Application

In this case, defendant's counsel moved to withdraw as counsel because he claims that defendant has repeatedly failed to comply with discovery obligations and has failed to pay him. (Vassos Decl.[2] ¶ 2, 7). Defendant's counsel claims that he was repeatedly told by defendant that discovery would be produced in response to plaintiff's requests; however, no responsive discovery has been received from his client despite multiple requests from counsel. (Id. ¶ 4). Defendant's counsel noted that El Greco's recent closure may explain its failure to cooperate. (Id. ¶ 6).

Defendant has had a reasonable opportunity to defend this case, having participated from the commencement of the action until it stopped cooperating with counsel in June 2011. See Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96. Given defendant's utter failure to defend its case for over three months despite counsel's repeated good-faith attempts to obtain his client's cooperation, the grounds for default are abundantly clear. See Hirsch v. Innovation Int'l, Inc.,

---

[2]Citations to "Vassos Decl." refer to defendants' counsel's Declaration in support of his motion to withdraw as attorney, filed June 28, 2011.

4

1992 WL 316143, at *1-2.

## CONCLUSION

Given the defendant's continued failure to respond to Orders from this Court, and the failure of the corporate defendant to obtain counsel, the Court respectfully recommends that a default be entered against the defendant and the case proceed to an inquest on damages if defendant does not contact the Court within fourteen (14) days of this Order, indicating an intent to defend in this action.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**
Dated: Brooklyn, New York
September 23, 2011

/s/
Cheryl L. Pollak
U.S. Magistrate Judge